## Smith v. McAllister

*M. Richard Mellon,* for plaintiff.
*John W. Beatty,* for McAllister.
*James H. Richardson,* for Garnon Ford.
*Robert C. Ward,* for Glastron.
*Herbert J. Johnson,* for Berkeley Pump.

McCLELLAND, *J.,* January 21, 1981—Glastron Boat Company and Berkeley Pump Company each have moved for summary judgment. Berkeley simultaneously opposes the motion presented by Glastron. The unique procedural status of this lawsuit must be reviewed to properly rule on these motions.

A jury was selected to hear this case, but due to the complex warranty arguments expected to be raised, the parties agreed that a sole arbitrator be picked ro render a decision. Since the claims were greater than our arbitration limit, a court order was issued to permit arbitration. Testimony was taken, recorded by a court stenographer, and an award made by the arbitrator. The arbitrator granted a

directed verdit for Glastron at the conclusion of the hearing, before a decision was made. No objection was made to that ruling, The arbitrator ruled that a breach of warranty, if any, by Berkeley "was not the proximate cause of the plaintiff's damage." The arbitrator ultimately found against Garnon Ford Sales, Inc., and awarded the plaintiffs $4,218.80 plus interest and costs of suit. Garnon subsequently appealed this award.

First, the court must decide if it sits as a court of appeal from non-binding or binding arbitration. In the former case, a trial de novo is required and on the latter, the court would review the transcript and the findings of the arbitrator to determine if the result is supported by substantial evidence. A review of the order convinces the court that the arbitration was not "binding" and that the court's function is not merely to review but that the case must proceed de novo.

It does not follow, however, that the motions presented today may not be decided. Berkeley Pump Company argues that if the previous proceedings were not binding then no issues of fact may be determined by the testimony given there. This court disagrees. The sworn testimony provided before the arbitrator equals (if not exceeds) the formalities expected of depositions and thus may be given the same weight. Often the court must rely on depositions in its determination of summary judgment motions.

The two motions presented today are not identical. Glastron's motion is based in part on an on-the-record ruling by the arbitrator that a directed verdict be sustained in its favor. The counsel pres-

ent took no exception to the ruling and only Berkeley's counsel failed to verbalize his assent to the arbitrator's ruling. Of course, this ruling was made at the conclusion of evidence but before the award was made and its subsequent appeal. Were this decision of counsel made during a pre-trial conference in anticipation of evidence produced at trial, the court would be unwilling to permit counsel to backtrack on their earlier voiced decision. The arbitrator's decision came at a time when all counsel had heard all the evidence. Their recorded assent cannot be contradicted. It would be waste of the resources of both bench and bar to compel the continued presence of Glastron.

Berkeley, however, does not similarly achieve freedom from liability in this matter. The arbitrator's decision specifically concluded that Berkeley was not the proximate cause of the plaintiff's damage. Clearly, this conclusion is only warranted as a result of an analysis of the evidence produced at trial This decision is now the prerogative of the de novo fact finder. As a result, Berkeley's motion for summary judgment must be denied.

## ORDER

And now, January 21, 1981, it is ordered, adjudged and decreed:

1. Glastron Boat Company's motion for summary judgment is sustained.

2. Berkeley Pump Company's motion for summary judgment is denied.